

**SEABOCK PRICE APC**
Dennis Price SBN 279082
Aaina Duggal SBN 333681
117 E. Colorado Blvd., Ste. 600
Pasadena, California 91105
Phone: 323-616-0490
aaina@seabockprice.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Christopher Langer,**<br><br>　　Plaintiff,<br><br>　v.<br><br><br>**John Conca**;<br>　and Does 1-10<br><br><br><br>　　Defendant(s). | Case Number:<br><br>**Verified Complaint for Damages and Injunctive Relief for Violations of:**<br>Americans with Disabilities Act, Unruh Civil Rights Act<br><br><br><br><br>ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOV'T CODE § 70616.5 |

1

Complaint, Mr. Frostie

Doc ID: 9147a5e2ec75d1f4186c99cfa1b79684551c066f

Plaintiff Christopher Langer alleges the following upon information and belief based upon investigation of counsel, except as to his own acts, which he alleges upon personal knowledge:

### INTRODUCTION

1. Signed into law on July 26, 1990, the Americans with Disabilities Act was a landmark piece of legislation that promised equal access to disabled individuals. Hailed as a long overdue "independence day" by President George H.W. Bush at the time of signing, the law recognized that disabled Americans had been overlooked by prior civil rights laws and were entitled to independence and dignity in all aspects of society.

2. Recognizing that the ADA lacked sufficient remedies, the State of California promptly amended the Unruh Civil Rights Act to ensure those who are denied equal rights under the ADA have sufficient motivation and remedies to enforce the law.

3. However, more than 30 years later, California still has businesses in flagrant violation of the law. These are not just small or "technical" violations, but actual barriers to access. What amounts to a minor or invisible difference to those without a disability may cause difficulties, discomfort, embarrassment, or outright injury to those with disabilities.

4. Plaintiff is a disabled individual and a member of a protected class of individuals guaranteed rights under state and federal laws. Though progress has been made for access over the decades the ADA has been law, Plaintiff remains frustrated by the number of businesses that remain noncompliant.

5. Plaintiff visited the Mr. Frostie facility located at 1470 Garnet Ave, San Diego, CA 92109 in June 2024 and encountered barriers to access.

6. Plaintiff brings this action against John Conca ("Defendant") for failure to design, maintain, construct, and operate the Mr. Frostie facility ("Mr. Frostie") in compliance with applicable accessibility laws.

**PARTIES**

7. Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of San Diego.

8. Defendant John Conca owned or operated the place of public accommodation located at or about 1470 Garnet Ave, San Diego, CA 92109, in June 2024.

9. Defendant John Conca owns or operates the place of public accommodation located at or about 1470 Garnet Ave, San Diego, CA 92109, currently.

10. Does 1-10, owned, leased or operated the place of accommodation located at or about 1470 Garnet Ave, San Diego, CA 92109 in June 2024.

11. Does 1-10, own, lease or operate the place of accommodation located at or about 1470 Garnet Ave, San Diego, CA 92109 currently.

12. Every landlord, tenant, owner or operator of a place of public accommodation is separately charged with compliance with the ADA. 28 CFR § 36.201(b). Liability for noncompliance persists regardless of any contractual apportionment of responsibility between them. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 833-34 (9th Cir. 2000).

13. At all times relevant to this complaint, Defendant had and continue to have an ongoing obligation to assess, identify, and remove all barriers to access where readily achievable to do so, and to implement the most accessible alternative when full compliance is not readily achievable.

14. Plaintiff does not know the true names of all Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of and alleges a joint venture and common enterprise by all such defendants. Plaintiff is informed and believes that each of the defendants herein is responsible in some capacity for the events herein alleged or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the defendants are ascertained.

Complaint, Mr. Frostie

## JURISDICTION AND VENUE

15. This Court has subject-matter jurisdiction over this matter as a court of general jurisdiction and as a result of the pursuit of injunctive relief remedies that are only available in the Unlimited Civil division of the Superior Court of California. Cal. Civ. P. § 580(b)(2).

16. This Court has personal jurisdiction over Defendant because they conducted and continue to conduct business in the State of California, County of San Diego.

17. Venue is proper in the County of San Diego as the challenged conduct occurred in that county and is also the Defendants' place of business and location of the place of public accommodation.

## FACTUAL ALLEGATIONS

18. Plaintiff has a spinal injury that significantly impairs or limits his ability to walk. He uses a wheelchair for mobility.

19. Plaintiff is member of a protected class of individuals guaranteed rights under state and federal law.

20. Plaintiff was in the San Diego area as he lives there.

21. The Mr. Frostie is a facility open to the public, a place of public accommodation, and a business establishment as those terms are understood under the Americans with Disabilities Act and Unruh Civil Rights Act.

22. Plaintiff went to the Mr. Frostie on June 17, 2024, with the intention to avail himself of its goods, services, privileges, advantages, or accommodations ("Amenities"). Specifically, Plaintiff was interested in getting a hotdog and a coke which he did get.

23. Unfortunately, on the date of Plaintiff's visit, the Mr. Frostie failed to comply with ADA and California standards as they relate to wheelchair users like the Plaintiff.

24. Defendants have failed to provide and/or maintain in working and useable condition those features required to provide ready access to persons with disabilities.

25. Plaintiff encountered barriers to access at the sales and service counter on June 17, 2024.

Complaint, Mr. Frostie

Doc ID: 9147a5e2ec75d1f4186c99cfa1b79684551c066f

26. When sales and service counters are provided, they must also be provided at compliant heights.

27. Here, no lowered counter was provided and the plaintiff was unable to conduct his transaction at a compliant counter.

28. Mr. Frostie has three ledges that project from the building, one serving as an "order" window, another serving as a "pickup" window and a third that appears to have previously been a communication window that has been converted into an area for a water dispenser and napkins.

29. Plaintiff went to the order window and ordered a small coke and a hotdog. He asked a Mr. Frostie employee if they had a lower area, and was told they did not. He balanced his backpack on the wooden railing behind him, and while he was getting his wallet out, his backpack fell down to the sidewalk level. He was forced to ask some kids behind him in line to help retrieve it, and to conduct his transaction uncomfortably because of the noncompliant counter.

30. Plaintiff encountered inaccessible dining tables on June 17, 2024.

31. Compliant dining tables allow wheelchair using patrons like the Plaintiff to pull under the table and have a comfortable meal. Compliance requires adequate knee and toe clearance under the table, clear space around the table and the surface being within the appropriate height ranges.

32. Defendants offered picnic tables with fixed-in-place benches, none of which was accessible.

33. The styles of tables offered by the Mr. Frostie are seldom compliant due to the need for toe clearance at the floor being obstructed by the table base, and knee clearance up to the dining surface often obstructed by the center post. There are multiple configurations that provide accessible access, but the seats provided fail to meet the minimum specifications.

34. Plaintiff was deterred from using the provided tables. Therefore, he did not eat at the outdoor seating at Mr. Frostie as he has planned to, and instead took it "to-go".

35. Despite the above, Plaintiff overcame the difficulties presented to him and made a purchase at the business.

36. On information and belief, the above conditions currently exist or the policies that allowed them to occur have not been changed.

37. These above barriers relate to and impact the Plaintiff's disability. Plaintiff personally encountered these barriers.

38. Plaintiff seeks removal of all barriers to access pertaining to his disability.

39. All of barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that patrons should expect to have been removed in the more than thirty years since the ADA became law and should be presumed readily achievable due to ease of removal.

   a. On information and belief, Plaintiff asserts that accessible tables are readily purchased from a variety of vendors in accessible configurations for less than $500. There is adequate space within the Mr. Frostie to maintain sufficient accessible seating.

   b. On information and belief, Plaintiff asserts that accessible sales counters could have been installed in place of the existing counters at minimal expense and the existing configuration was an impermissible style or aesthetic choice chosen over accessibility.

   c. On information and belief, Plaintiff asserts that accessible sales counters can be installed at minimal cost in place of existing counters without substantially affecting the current use of the facility.

40. However, should full compliance not be readily achievable, there are numerous alternative accommodations that can—and must—be made to provide a greater level of access than presently exists.

41. As a disability rights advocate Plaintiff proudly enforces his rights under law and has filed approximately 88 cases in the past year and intends to pursue that the property become maximally compliant. Plaintiff seeks to have all barriers related to his disability removed. See *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008); *Thurston v. Midvale Corp.*, 39 Cal. App. 5th 634, 653–54 (2019) (holding that once a plaintiff encounters one barrier at a site, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered them). During litigation, Plaintiff will thoroughly investigate the property and amend the complaint to provide the full scope of remediation required.

42. According to the Centers for Disease Control, 11% of California adults live with a mobility disability. Removal of barriers to access—such as those listed above—makes California more accessible not just to these individuals, but also the thriving tourism industry and benefits the state as a whole. Removal of these barriers is justified not only to comply with state and federal law, but also to provide a distinct benefit, not just to the Plaintiff, but to the public at large.

43. As the ADA has existed since 1990, Plaintiff alleges the above conditions were the result of either a policy failure or systematic negligence such that only policy modifications and regular future audits of the facility and policy modifications can ensure future compliance.

### I. FIRST CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Title 42 United State Code §§ 12101-12189
### (On behalf of Plaintiff and against all Defendants)

44. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

45. Under the Americans with Disabilities Act, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a). Discrimination as defined there includes:

   a. A failure to design and construct facilities for first occupancy later than January 26, 1993, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements. 42 U.S.C. § 12183(a)(1).

   b. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms,

telephones, and drinking fountains serving the altered area are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

c. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers may be defined by failure to comply with the ADA Standards. Where such barrier removal is not readily achievable, the failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative, readily achievable, methods. 42 U.S.C. § 12182(b)(2)(A)(v).

d. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

46. All Amenities provided by a business must comply with applicable standards, typically the 2010 ADA Standards for Accessible Design ("ADASAD") or California Building Code. ("CBC").

47. When a business provides dining surfaces, it must provide accessible dining surfaces. ADASAD 226, 306, 902; 1991 ADAAG Chapter 5.

48. Here, despite offering dining surfaces, accessible dining surfaces have not been provided in conformance with the ADA Standards.

49. When a business provides sales and service counters, it must provide accessible counters. ADASAD Chapter 904; 1991 ADAAG Chapter 7.2

50. Here, despite offering sales and service counters, accessible counters have not been provided in conformance with the ADA Standards.

51. In addition to offering accessible Amenities, a public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

52. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit also do not comply with the 1991 Standards. 28 CFR § 35.151(b)(4)(ii)(C).

53. Here, the failure to ensure that accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

## II. SECOND CAUSE OF ACTION:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### California Civil Code §§ 51-53
### (On behalf of Plaintiff and against all Defendants)

54. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

55. The Unruh Civil Rights Act ("UCRA") guarantees, among other things, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

56. The UCRA provides that any violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

57. Defendants' acts and omissions, as herein alleged, have violated the UCRA by, among other things, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

58. A defendant's liability for violations of the Unruh Civil Rights Act entitles a plaintiff to actual damages, as well as treble actual damages or an amount no less than the minimum statutory penalty prescribed by law, for each occasion in which the plaintiff was denied full and equal access. Cal. Civ. Code §§ 52(a); 55.56.

Complaint, Mr. Frostie

Seabock / Price

Doc ID: 9147a5e2ec75d1f4186c99cfa1b79684551c066f

**PRAYER**

In light of the above, Plaintiff prays that this Court award damages and provide relief as follows:

59. A determination that Defendants are liable for violations of the Americans with Disabilities Act, and Unruh Civil Rights Act.

60. For permanent injunctive relief, pursuant to and appropriate to comply with the Americans with Disabilities Act, compelling Defendants to remove all presently existing architectural barriers within 90 days of judgment, or another date certain determined to be just by the Court. Defendants specifically shall:

   a. Modify existing, or install compliant sales and service counters, to allow wheelchair users to conduct their transactions at a compliant height.
   b. Install compliant dining surfaces for each *type* of dining surface offered, inside and outside, to ensure full and equal access to dining surfaces.

61. To the extent that complete removal of all presently existing architectural barriers is not readily achievable, permanent injunctive relief compelling Defendants to make those Amenities available through alternative methods.

62. For injunctive relief, pursuant to and appropriate to ensure compliance with the Americans with Disabilities Act, requiring that Defendants obtain biennial Certified Access Specialist ("CASp") architectural inspections of the subject facility to verify ongoing ADA compliance and to follow those inspections' recommendations of all readily achievable barrier removal. The first inspection shall occur within 90 days of judgment, or another date certain determined to be just by the Court.

63. For injunctive relief, pursuant to and appropriate to ensure compliance with the Americans with Disabilities Act, requiring implementation of accessibility policies and requiring annual employee training on providing full and equal access to clients or customers with disabilities. This shall be implemented within 90 days of judgment, or another date certain determined to be just by the Court.

64. For actual damages subject to proof under the Unruh Civil Rights Act.

65. For treble actual damages, or in no case an amount less than the statutory minimum damages prescribed by statute for each occasion Plaintiff was denied full and equal access.

66. Reasonable attorney fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52.

Date: November 26, 2024

**SEABOCK PRICE APC**

*/s/ Aaina*

Aaina Duggal
Attorney for Plaintiff

**Seabock | Price**

**Complaint Verification - Mr. Frostie**

I, Christopher Langer am the Plaintiff bringing the attached complaint. I have reviewed the document. I believe all of the allegations to which I have personal knowledge are true. I believe all the allegations that I do not have personal knowledge of to be true based on information and/or evidence.

Executed on __11 / 26 / 2024__, at San Diego County, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Christopher Langer
Plaintiff

Doc ID: 9147a5e2ec75d1f4186c99cfa1b79684551c066f